IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| MARC ARRON PETERS, § | |
| (Wichita County No. 68458) § | |
|     Plaintiff, § | |
| v. § | Civil Action No. 7:22-cv-075-O |
| § | |
| OFFICE COLE, et al., § | |
| § | |
|     Defendants, § | |

**OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii)**

This case is before the Court for review of pro-se inmate/plaintiff Marc Arron Peters ("Peters")'s case under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii). Having reviewed the amended complaint, the Court finds that the remaining claims must be **DISMISSED** under authority of these provisions.

**I. BACKGROUND**

Peters, an inmate at the Wichita County Jail, has an amended form complaint pending before the Court. Am. Compl. ECF No. 11. After the Court construed Peters's original pleading as seeking relief properly sought through a civil complaint, it directed Peters to file a complaint form. ECF No. 4. Although Peters did so, he included mixed claims for relief. Compl., ECF No. 5. The Court then dismissed claims that sought habeas corpus relief under § 2241 and noting that "the Court could not discern exactly all factual allegations Peters seeks to pursue, and exact basis for relief," directed him to again file an amended complaint. Order, ECF No. 10. That amended complaint, filed on December 13, 2022, is the operative pleading subject to screening.

Peters identifies as defendants Wichita Falls Police Department Officer Cole, Wichita Falls Police Department Officer Lucy Park, Officer Mike Wheat, J. Esquivel, Lieutenant

1

Gordon, Randy Matta, Wichita Falls Police Department employee Heather Douglas, and others identified as Ben Bagley, Jessica Gubernath, and Officer Bagley. Am. Compl. 3, ECF No. 11. As to Cole, Peters writes that he "allowed Tim Hurley to threaten me." *Id.* As to Wheat, he alleges he "allowed Ernie Cock, Tim Hurley, Jade Carnoe . . ." without otherwise completing the sentence. *Id.* at 3. As to Esquivel, Peters alleges she allowed "Jonathan Ferguson to threaten me." *Id*. As to Randy Matta, Peters alleges he "committed theft," and "financially hurt me a lot." *Id*. In the Statement of Claim Section in the complaint, Peters writes:

> Officer Cole Wichita Falls Police Dept. 2003 City View High School Graduation 2019 Luck Park Tim Hurley, Officer Cole allowed Elliott Cole to be an idiot. Jacqueline Robertson admitted she had not seen me for 6 months. Elliott Cole conflicted. Officer Cole did not arrest Tim Hurley, Lena Robertson, Kenneth Turner, Child Support division owes me several, several thousand. [sic]

Am. Compl. 4, ECF No. 11. In the Relief Section of the amended complaint, Peters writes "Child Support Division owes me . . .[and] WFPD owes me from unlawful arrest." Am. Compl. 5, ECF No. 11. In the pleading. Peters also identifies himself as "Marc Arron Peter Jung," "Magic Johnson," "Sara Mueller," "Steven M. Williams," "Marty Cannedy" and "Greg Minkle." Am. Compl.1,4, 5, ECF No. 11. He also writes the name "Magic Johnson," on the envelope containing the pleading. Id. at 6.

## II.   LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Peters is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Peters is proceeding in-forma-pauperis,

his operative pleading is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

## III. ANALYSIS-FRIVOLOUS CLAIMS

The United States Court of Appeals for the Fifth Circuit provided the district courts guidance with regard to the resolution of "frivolous" claims:

> Some claims are "so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy." *See Oneida Indian Nation of N.Y. v. Oneida Cty*., 414 U.S. 661, 666, 94 S. Ct. 772, 39 L. Ed.2d 73 (1974). Federal courts lack power to entertain these "wholly insubstantial and

3

> frivolous" claims. *Southpark Square* [*Ltd v. City of Jackson, Miss.*], 565 F.2d [338] at 343-44 [5th Cir. 1977)]. Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id*. at 342.

*Atakapa Indian Creole Nation v. Louisiana, Et Al.*, 943 F.3d 1004, 1006 (5th Cir. 2019). Employing this analysis, the Court turns to review of Peters's claims.

In this instance, the allegations in Peters's amended complaint have risen to the level of the irrational or wholly incredible. Although Peters includes some specific allegations as to several defendants allowing him to be threatened, he does not actually allege any harm or recite any related facts. Also, Peters has included nonsensical allegations against the defendants. This includes his claims about a "High School Graduation," claims that one defendant allowed another "to be an idiot," and allegations that one person "allowed funky tobacco." Am. Compl. 3, 4, ECF No. 11. He also loosely alleges that several persons named in the pleading "smoke weed with children." *Id*. at 3. And as noted, Peters repeatedly refers to himself as former NBA basketball star "Magic Johnson" and several other names. *Id.* at 1, 5, 6.

Such claims in this suit, like the claims in *Atapaka,* are factually frivolous and "obviously without merit." In the *Atapaka* case, the Fifth Circuit concluded by stating: "'[t]he government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal." *Atakapa*, 943 F.3d at 1007 (citing *Crain* [*v. Comm'r*, 737 F.2d 1417, 1418 (5th Cir. 1984)]. The district court lacked jurisdiction "because the claim[s] asserted [are] so attenuated and unsubstantial as to be absolutely devoid of merit.'*Southpark Square*, 565 F.2d at 344.(cleaned up)." *Atakapa,* 943 F.3d

4

at 1007.

Outright dismissal for factual frivolity is appropriate "when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a compliant relies is indisputably meritless." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999) (quotations omitted). Therefore, Plaintiff's claims must be dismissed under the authority of §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

## IV.  CONCLUSION and ORDER

It is therefore **ORDERED** that all Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **9th day** of **May, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE